**MOTIOGRAPH, INC., Appellant,**

v.

**CHECK–OUT SYSTEMS, INC., Appellee.**

**No. 5213.**

Court of Civil Appeals of Texas, Eastland.

Nov. 2, 1978.

Lanny E. Perkins, Fiedler & Fortescue, Richardson, for appellant.

Byron L. Falk, Vial, Hamilton, Koch, Tubb, Knox & Stradley, Dallas, for appellee.

DICKENSON, Justice.

The plaintiff, Motiograph, Inc., appeals from a judgment dismissing its lawsuit for lack of jurisdiction over the defendant, Check-Out Systems, Inc. Plaintiff is a Texas corporation, and defendant is a South Carolina corporation which was served under the "Long Arm" Statute, Article 2031b, Tex.Rev.Civ.Stat.Ann. (1964). Defendant filed a special appearance under Rule 120a, T.R.C.P., and the trial court dismissed the lawsuit after holding that the assumption of jurisdiction by a Texas court would offend traditional notions of fair play and would deprive defendant of due process of law. We reverse and remand.

The material facts are not disputed. In 1974, the plaintiff advertised its equipment in a nationally published trade magazine. Defendant wrote a letter of inquiry to Texas, asking about the possibility of becoming a dealer in South Carolina of the equipment which was being manufactured in Texas. At that time, plaintiff was not interested in allowing defendant to become its dealer, but it did send some literature describing the equipment. In 1975, defendant made a second inquiry after seeing another advertisement of plaintiff's equipment in a nationally published trade magazine. This time plaintiff became interested in making a dealership arrangement with defendant, and the parties talked to each other several times on the telephone. Plaintiff's sales manager made a trip to South Carolina to talk with defendant's president. The equipment was demonstrated to defendant's

president in Chicago at a meeting of the National Restaurant Association. A dealer contract was prepared, but it was never executed. Defendant's corporate officer testified that defendant "proceeded to represent" plaintiff in South Carolina even though the contract was not signed. Defendant sent its sales manager and a service man to Texas for one week of training. Defendant purchased the equipment involved in this lawsuit, and the equipment was shipped from Texas to South Carolina where it was installed in three restaurants. Defendant mailed two payments from South Carolina to plaintiff's office in Texas. Payment was stopped on the second check, because problems had developed in the operation of the equipment. After the problems developed, the South Carolina corporation sent a third employee to Texas. He came for technical training on the equipment. The Texas corporation had sent employees to South Carolina to assist in the sale and installation of the equipment, and it also sent employees to South Carolina on several occasions to attempt to solve the problems which developed. The problems were not resolved, defendant refused to pay, and plaintiff filed suit on a sworn account for the value of the equipment.

The issue is whether the Texas courts can acquire in personam jurisdiction over the nonresident defendant. This requires a two-fold inquiry. We must first determine whether the nonresident defendant is amenable to process under the "Long Arm" Statute, Article 2031b, supra. Then, we must decide whether the exercise of personal jurisdiction is consistent with the requirements of due process of law under the United States Constitution. *Pizza Inn, Inc. v. Lumar,* 513 S.W.2d 251 (Tex.Civ.App.— Eastland 1974, writ ref'd n. r. e.), and authorities cited therein.

The Texas "Long Arm" Statute, Article 2031b, supra, provides that any nonresident person or corporation that engages in business in this state without maintaining a regular place of business in the state or a designated agent upon whom service may be made is deemed to have appointed the Secretary of State as agent for service of process in any suit arising out of such business. The Supreme Court of Texas has stated that Article 2031b reaches as far as the federal constitutional requirements of due process will permit. *U-Anchor Advertising, Inc. v. Burt,* 553 S.W.2d 760 (Tex. 1977). We hold that Check-Out Systems, Inc., was doing business in Texas within the meaning of Article 2031b, and we will now discuss the constitutional limitations which are placed on that statute.

The Fifth Circuit discussed the "due process" limitations which are placed on the Texas "Long Arm" Statute, Article 2031b, supra, in the case of *Product Promotions, Inc. v. Cousteau,* 495 F.2d 483 (5th Cir. 1974). In that case, Judge Goldberg pointed out that:

> the decisions "set up a dual test for determining whether a court may take jurisdiction without depriving a defendant of due process of law." First, "there must be some minimum contact with the state which results from an affirmative act of the defendant." Secondly, "it must be fair and reasonable to require the defendant to come into the state and defend the action."

This language was quoted with approval by our Supreme Court in *U-Anchor,* supra.

We hold that Check-Out Systems, Inc. conducted business within this state by virtue of its affirmative acts in "representing" a Texas corporation and in sending its employees to Texas to learn how to sell and service the equipment. We also note that defendant ordered the equipment from Texas and sent payments for the equipment to Texas. We hold that it would be fair and reasonable to require Check-Out Systems, Inc. to defend the action in this state.

*O'Brien v. Lanpar Company,* 399 S.W.2d 340 (Tex.1966), stated that three basic elements must exist to sustain jurisdiction over a nonresident:

> (1) The nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state; (2) the cause of action must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions

of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation.

We hold that those three elements are present in this case and that Check-Out Systems, Inc. is subject to the jurisdiction of the Texas courts in connection with the cause of action asserted in this case.

*Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), explains the requirements of due process, notes that the application of the rule will vary with the quality and nature of the defendant's activity, and states that: "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State . . . ." In the present case, the contacts were more than minimal and fortuitous. Check-out Systems, Inc. "purposefully" conducted activities within the State of Texas. The exercise of jurisdiction by Texas courts would not offend traditional notions of fair play and substantial justice. *U-Anchor Advertising, Inc. v. Burt,* supra.

The judgment of the trial court is reversed, and the cause is remanded.