SOUTHWEST LAND TITLE COMPANY, Appellant,

v.

GEMINI FINANCIAL COMPANY, Appellee.

No. 05–87–00967–CV.

Court of Appeals of Texas, Dallas.

April 20, 1988.

G. Roland Love, Dallas, for appellant.
Robert J. Matlock, Dallas, for appellee.

Before DEVANY, STEWART and BAKER, JJ.

DEVANY, Justice.

Southwest Land Title Company appeals the trial court's judgment in favor of Gemini Financial Company. This suit arose out of a furniture lease agreement executed by Gemini, the lessor, and Joel Wilkinson signing as the lessee. Gemini maintained a suit for breach of contract against Southwest on the grounds that Wilkinson, as an agent for Southwest, had apparent authority to act for Southwest and that it was upon this authority that Wilkinson entered into this lease. Southwest filed a cross-action against Wilkinson for indemnity. Wilkinson filed personal bankruptcy proceedings and received a discharge, but he was a party in the trial court with respect to Southwest's claim for indemnity. The trial court entered judgment in favor of Gemini, including attorney's fees, and Southwest received an indemnity judgment against cross-defendant, Wilkinson.

Southwest complains that there is no evidence or, in the alternative, insufficient evidence to support the trial court's judgment that Gemini relied on the conduct of Southwest or that Gemini used due diligence to ascertain the authority of Wilkinson. We hold that there is no evidence that Gemini made any inquiries into the authority of Wilkinson to act on behalf of Southwest nor is there any evidence of conduct by Southwest that Gemini relied upon in entering into the lease agreement. Accordingly,

we reverse the judgment of the trial court and render judgment for Southwest.

Wilkinson is an attorney licensed by the State of Texas. Southwest contracted with Wilkinson to open a north Dallas office where Wilkinson would perform title closings in a capacity commonly known as a fee attorney. Wilkinson had previously leased furniture from Gemini before his association with Southwest. On January 1, 1985, Gemini and Wilkinson entered into a furniture lease for 36 months. Gemini prepared the lease agreement which included under the name and address of the Lessee the following language:

> (For corporation, show location of principal place of business in state; otherwise insert actual business address. For individual, show residence. For partnership, show place of business and also name and residence of each partner.)

The name for "lessee" was typed in as Southwest Land Title Co. along with the address, 12221 Merit Drive, Suite 100, that being the office in which Wilkinson was working. However, the actual principal place of business of Southwest is 2900 Lincoln Plaza, 500 N. Akard, Dallas, Texas, 75201. The lease was signed on behalf of Gemini by Marion L. Brockette, President, and on behalf of the lessee by "Joel Wilkinson Partner".

■ Apparent authority is determined by looking to the acts of the principal as to whether those acts would lead a reasonably prudent person using diligence and discretion to suppose that the agent had the authority the agent purported to exercise. *Elliot Valve Repair Co. v. B.J. Valve & Fitting Co.*, 675 S.W.2d 555, 561 (Tex.App.—Houston [1st Dist.]), *modified on other grounds*, 679 S.W.2d 1 (Tex.1984). Only the acts of the principal may be considered; the agent's representations as to his authority are ineffective to bind the principal. *Southwest Title Insurance Co. v. Northland Building Corp.*, 552 S.W.2d 425, 428 (Tex.1977). Furthermore, the principal must either have affirmatively held the agent out as possessing the authority or have knowingly and voluntarily permitted the agent to act in an unauthorized man-

ner. *Elliot Valve Repair Co. v. B.J. Valve & Fitting Co.*, 675 S.W.2d at 561. Without the principal's participation, either through his acts or knowledge of, and acquiescence in, those of the agent, no mere combination of circumstances which may mislead persons into a false inference of authority, however reasonable, will serve as a predicate for apparent authority. *Hall v. F.A. Halamicek Enterprises, Inc.*, 669 S.W.2d 368, 375 (Tex.App.—Corpus Christi 1984, no writ). "Moreover, a party dealing with an agent must ascertain both the fact and the scope of the agent's authority, and, if the party deals with the agent without having done so, he deals with the agent at his own risk". *Elliot Valve Repair Co. v. B.J. Valve & Fitting Co.*, 675 S.W.2d at 561.

■ In considering a no-evidence point, this Court must consider only the evidence and the inferences tending to support the trial court's findings and disregard all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965). At trial, Gemini introduced the following evidence of Wilkinson's apparent authority. *After the delivery of the furniture*, Jim Thomas, sole owner of Gemini, visited the Merit office on several occasions. During those visits he noticed the display of the Southwest sign and trademark, the presence of Southwest forms and its letterhead, and the presence of Southwest's business cards bearing the name of Wilkinson. Thomas later noted the listing of the Merit office in the telephone directories under the name of Southwest. The only evidence that Gemini introduced that occurred *prior or simultaneous to entering the lease agreement* is testimony by Jim Thomas that Wilkinson had represented that he would be running an office for Southwest; that Southwest needed some furniture; and that Southwest would be leasing the furniture. This evidence, standing alone, does not establish the authority of the agent to act on behalf of the principal. *Bolin v. Pacific Finance Corp.*, 278 S.W.2d 879, 884 (Tex.Civ.App.—Amarillo 1954, no writ). As stated previously, it is the conduct of the principal that is the

focus of determining whether apparent authority exists.

There is no evidence that Gemini ever dealt directly with Southwest. At trial, Thomas testified that he never had any conversations with anyone at Southwest. His only conversations were with Joel Wilkinson. He also did not determine Southwest's principal place of business. Thomas did state that he had prior dealings with Wilkinson as a partner in private law practice. In these prior dealings, Wilkinson signed the leases in the same manner as he did in this case. Furthermore, prior to the time of default on the lease, Thomas did not make any inquiry of Southwest as to whether Wilkinson had authority to enter into the furniture lease for Southwest. Applying the review principle previously set forth, we conclude that there is no evidence of the exercise of any discretion or diligence by Gemini to ascertain whether Wilkinson was authorized to act as an agent of Southwest in entering into the subject furniture lease, nor is there any evidence that Gemini relied upon the conduct of Southwest in entering into the lease. Gemini thus dealt with Wilkinson at its own risk.

■ Finally, the parties on appeal disagree as to whether the issue of the existence of actual authority, as well as apparent authority, is before this Court. Because the appellant presents this Court with a no-evidence point concerning whether Wilkinson had actual authority to enter into the furniture lease on behalf of Southwest and because the trial court's findings of fact and conclusions of law state the existence of authority as either actual or apparent, we will address this issue. The principal is liable for the authorized acts of its agent, but the agent is liable if the agent acts beyond the scope of his authority. *Medical Personnel Pool of Dallas, Inc. v. Seale*, 554 S.W.2d 211, 213 (Tex.Civ. App.—Dallas 1977, writ ref'd n.r.e.). There is no evidence that Wilkinson was authorized to enter into a furniture lease on behalf of Southwest. In fact, both Wilkinson and Southwest testified to the contrary. Thus, we hold that Wilkinson did not have actual authority from Southwest with respect to the lease agreement.

Accordingly, the judgment of the trial court is reversed and judgment is rendered in favor of Southwest.