# WESTEX ABILENE ASSOCIATES, L.P. et al., Appellants,

v.

## Judy Southard FRANCO d/b/a Southard Co., Appellee.

### No. 11–97–00275–CV.

Court of Appeals of Texas, Eastland.

Jan. 28, 1999.

---

5. *Smith,* 957 S.W.2d at 578 (Whittington, J., dissenting).

6. 994 S.W.2d 658 (Tex.Crim.App. delivered June 2, 1999).

James G. Ruiz, Winstead, Sechrest & Minick, Attorneys at Law, Austin, for appellant.

Leland C. de la Garza, de la Garza & Associates, Dallas, for appellee.

Before ARNOT, C.J., and WRIGHT, J., and DICKENSON, S.J.*

## OPINION

BOB DICKENSON, Senior Justice, Retired, Assigned.

Judy Southard Franco, d/b/a Southard Co., sued a limited partnership, WesTex Abilene Associates, L.P., and its general partner, CPK, Inc., for real estate commission payments which Southard Co. claimed were due under a "Termination Agreement" which was executed in connection with the termination of a real estate listing agreement. Southard Co. also sued Loeb Partners Realty for "tortious interference" with the real estate listing agreement. Following a trial by jury, the trial court entered a judgment on the verdict that Southard Co. recover $68,529.00 from WesTex [1] and that Southard Co. recover $82,271.00 from Loeb Partners Realty.[2] WesTex and Loeb Partners Realty appeal. We affirm in part, and we reverse and render in part.

### Background Facts

This lawsuit involves a claim for real estate commissions on a commercial lease of a portion of the WesTex Industrial Center (a 739,000 square foot building in Abilene, Texas, which was sometimes referred to as the "Aileen plant"). The large building had been vacant for about ten years before Judy Southard (now Franco) was assigned to work on the project of finding tenants for this commercial property. She negotiated a lease dated March 14, 1988, for Aileen, Inc. under which General Dynamics Corporation occupied 178,624 square feet of the building and paid rent at the rate of $371,538.00 per year. That lease was for an initial term of five years,

---

\* Bob Dickenson, Retired Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

1. The judgment also provided for the recovery of $69,415.75 in attorneys' fees through trial and additional attorneys' fees in the event of

appeal plus prejudgment interest, post-judgment interest, and court costs.

2. There was no provision for attorneys' fees, but there was an award of prejudgment interest, post-judgment interest, and court costs.

and it gave General Dynamics options to renew the lease for two additional five-year terms.

Loeb Partners Realty is an investment company, and it organized WesTex Abilene Associates, L.P. as a limited partnership to acquire the 739,000 square foot building from Aileen, Inc. Loeb Partners Realty is also the owner of CPK (the general partner for the limited partnership). The General Dynamics lease was amended in 1988 and again in 1991, increasing the amount of space rented and raising the rent to "approximately $620,000.00" per year.

On November 30, 1988, WesTex and Southard Co. signed an exclusive real estate listing agreement which gave Southard Co. the exclusive right to lease the industrial center for a one-year term. The 1988 agreement also provided that Southard Co. would receive a commission on any new leases and on any renewals of the General Dynamics lease.

On August 24, 1989, WesTex and Southard Co. executed an agreement which was entitled "Termination of Listing Agreement by Mutual Consent." Among other terms, the agreement provided that, "should General Dynamics renew its lease," WesTex would pay Southard Co. the commission provided in the 1988 agreement.

The initial term of the General Dynamics lease ended on May 31, 1993. During August of 1992, an employee of General Dynamics told WesTex that the company intended to renew the lease for the first five-year extension. Before the management of General Dynamics authorized the exercise of its option, General Dynamics sold its Fort Worth and Abilene operations to Lockheed Corporation. Lockheed had a policy against renewals for longer than one year; consequently, the first five-year option was not exercised by either party (the original lessee or its successor in interest). Lockheed did extend the lease which it acquired from General Dynamics for a one-year term ending May 31, 1994, and then Lockheed extended the lease for a second one-year term ending May 31, 1995. After that, the lease was extended on a month-to-month basis for five months.

WesTex refused to pay any commissions to Southard Co. for the lease extensions made by Lockheed. WesTex paid real estate commissions on those extensions to Loeb Partners Realty. The judgment against WesTex is for the real estate commissions due on these extensions of the lease. The judgment against Loeb Partners Realty is for its "interference" with the option which General Dynamics had for the first five-year extension of the lease.

*The Jury's Verdict*

Omitting the definitions and instructions, the questions submitted to the jury and the jury's answers read as shown:

[1] Did WesTex Abilene Associates, L.P. fail to comply with the Termination Agreement? <u>Yes</u>

[2] What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Southard Co. for its damages, if any, that resulted from WesTex Abilene Associates, L.P.'s failure to comply, if any? <u>$68,529</u>

[3] What is a reasonable fee for the necessary services of Southard Co.'s attorneys in prosecuting the contract claims? <u>$69,415.75</u>

[4] Did Loeb Partners Realty intentionally interfere with Southard Co.'s agreement with WesTex Abilene Associates, L.P.? <u>Yes</u>

[5] Was Loeb Partners Realty's intentional interference with Southard Co.'s agreement with WesTex Abilene Associates, L.P. justified? <u>No</u>

[6] Did Southard Co. actually discover, or reasonably should have discovered under the circumstances, prior to June 5, 1994, any alleged intentional interference by Loeb Partners Realty in connection with the parties' agreement? <u>No</u>

[7] What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Southard Co. for its damages, if any, proximately caused by such interference? $82,271

### Issues on Appeal

Appellants present five issues under TEX.R.APP.P. 38.1(e). The first four issues concern Loeb Partners Realty, and the fifth issue involves WesTex and its general partner. First, appellants argue that the trial court erred in overruling Loeb Partners Realty's special appearance because that partnership was not subject to the jurisdiction of a Texas court. We disagree. Next, they argue that the trial court erred in denying their motion for directed verdict and their motion for judgment notwithstanding the verdict because an agent is not liable for tortious interference with the principal's contract. We sustain this issue, and the next two issues need not be discussed.[3] See TEX. R.APP.P 47.1. Appellants argue in their final issue that the trial court erred in denying their motion for directed verdict and their motion for judgment notwithstanding the verdict on the breach of contract claim, arguing that there was "no duty to pay a commission" because the commission was expressly contingent on an event which did not occur. For reasons which will be stated, this issue is overruled.

### Jurisdiction over Loeb Partners Realty

■ Appellants argue in their first issue that the trial court erred in overruling the special appearance by Loeb Partners Realty. We hold that the trial court was correct in ruling that Loeb Partners Realty had sufficient contacts with the State of Texas to make it subject to the jurisdiction of the courts of this state. See, e.g., Schlobohm v. Schapiro, 784 S.W.2d 355, 356 (Tex.1990), where the supreme court said:

A Texas court may exercise jurisdiction over a nonresident if two conditions are met. First, the Texas long-arm statute must authorize the exercise of jurisdiction. Second, the exercise of jurisdiction must be consistent with federal and state constitutional guarantees of due process.

\* \* \*

This court has decided that the broad language of the long-arm statute's doing business requirement allows the statute [TEX. CIV. PRAC. & REM. CODE ANN. § 17.042 (Vernon 1997)] to reach as far as the federal constitution permits.

The Schlobohm court then discusses the United States Supreme Court cases which make it clear that we must "focus upon [the nonresident's] intentional activities and expectations" in deciding whether it is proper to call the nonresident before the courts of the forum. The Schlobohm court then says that the nonresident "must do something purposeful [by] conducting activities in the forum."

The record contains a "Management Agreement" which was effective January 1, 1991, and which was executed by "WesTex Abilene Associates, L.P. by CPK, Inc., General Partner" and by "Loeb Partners Realty." Alan L. Gordon signed as Vice President of CPK, Inc., and he also signed as Vice President of Loeb Partners Realty. That agreement provided:

Loeb Partners Realty shall be responsible for the management of the WesTex Industrial Park located in Abilene, Texas and shall perform such services customarily provided by a managing agent for such type of property.

It seems clear to this court that Loeb Partners Realty had intentionally contracted to perform management services for real property in Texas and that Loeb Part-

---

**3.** Appellants argue in their third issue that the damages for tortious interference are excessive, and they argue in their fourth issue that the calculation of prejudgment interest on the damages for tortious interference is incorrect.

ners Realty is amenable to jurisdiction in this State. *Potkovick v. Regional Ventures, Inc.*, 904 S.W.2d 846, 850 (Tex. App.—Eastland 1995, no writ); *Motiograph, Inc. v. Check–Out Systems, Inc.*, 573 S.W.2d 606 (Tex.Civ.App.—Eastland 1978, writ ref'd). Appellants' first issue is overruled.

### Tortious Interference with Contract

 Liability for tortious interference can only be had against third parties. See *Tarleton State University v. Rosiere*, 867 S.W.2d 948, 952 (Tex.App.—Eastland 1993, writ dism. agr.), and the authorities discussed therein. Loeb Partners Realty was not a third party to transactions involving WesTex or CPK. Loeb Partners Realty owned CPK, and it was also the agent for WesTex under the management agreement quoted in the preceeding paragraph. We note that the same individual signed as vice president for both CPK and Loeb Partners Realty. Consequently, we sustain the second issue, and the other issues involving tortious interference become moot. The judgment will be reversed insofar as it awarded any recovery against Loeb Partners Realty.

### Breach of Contract by WesTex

 WesTex argues that it had no duty to pay a commission to Southard Co. for Lockheed's renewals of the General Dynamics lease. WesTex argues that the payment of any commission was "expressly contingent" on a renewal of the lease by General Dynamics, and it points out that General Dynamics did not renew the lease. However, the record is clear that Lockheed is the successor in interest to General Dynamics. The record is also clear that WesTex consented to the assignment of the lease from General Dynamics to Lockheed. WesTex executed an "Estoppel and Consent Agreement" dated January 28, 1993, in which it recognized Lockheed as the successor in interest of General Dynamics. WesTex also agreed that it "consents to the assignment" from General Dy-

namics to Lockheed. The fifth issue is overruled.

### This Court's Ruling

The judgment of the trial court is affirmed as to the recovery by Judy Southard Franco, d/b/a Southard Co., against WesTex Abilene Associates, L.P., and its general partner, CPK, Inc., of $68,529.00 in actual damages, $69,415.75 for attorneys' fees through trial, additional attorneys' fees in the event of appeal, $15,-729.23 for prejudgment interest, and postjudgment interest at the rate of 10 percent per annum from July 11, 1997, until paid; the judgment of the trial court is reversed as to Loeb Partners Realty, and this court renders judgment that Judy Southard Franco, d/b/a Southard Co., take nothing from Loeb Partners Realty.

AFFIRMED IN PART; REVERSED AND RENDERED IN PART.