# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00380-CV

**David Fountain, Individually, and David Fountain d/b/a Fountain Aviation Services and Transport, Appellant**

**v.**

**Dale Burklund, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 274TH JUDICIAL DISTRICT NO. 98-0998, HONORABLE DON B. MORGAN, JUDGE PRESIDING

David Fountain brings this expedited appeal of the trial court's order granting Dale Burklund's special appearance and denying Fountain's motion for contempt and sanctions. On appeal, Fountain raises six issues, contending that: (1) Burklund entered a general appearance because he failed to verify his special appearance and did not timely cure the defect; (2) Burklund waived his special appearance by waiting to request a hearing until two years after filing his objection to personal jurisdiction; (3) the evidence is factually insufficient to find that Burklund has no contacts with Texas; (4) the trial court abused its discretion by denying Fountain's motions for continuance; (5) the trial court abused its discretion by excluding evidence; and (6) the trial court refused to hold a hearing on Fountain's motion for sanctions or, alternatively, failed to give notice of the hearing. We will overrule all of Fountain's issues and affirm the district court's judgment.

**FACTS**

Fountain is a commercial pilot who has been involved in the aviation industry for over 20 years. Burklund resides and has his principal business in Illinois. Fountain alleged that he had an agreement with Burklund to locate and purchase planes and, in some cases, to perform maintenance on planes for Burklund and his children, who in turn planned to sell the aircraft for a profit. Fountain asserted that after spending his own funds to purchase and repair the planes, Burklund failed to pay him for his services, resulting in losses to him in excess of $320,800. Fountain sued Burklund alleging breach of contract, quantum meruit and promissory estoppel.

Burklund denied knowing Fountain or having any agreement with him. Burklund maintained that Fountain's agreement, if he had one, was with B-4 Aviation, a company owned by Burklund's four adult children in which Burklund has no ownership interest. Burklund also contested the court's personal jurisdiction over him by filing a special appearance. He asserted that he had no purposeful contacts with Texas, and did not own property in, do business in, pay taxes to, or travel to Texas. He also maintained that the exercise of the court's jurisdiction would offend "traditional notions of fair play and substantial justice." *See International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 230-31 (Tex. 1991).

At the special appearance hearing, Fountain conceded that he had only a "handshake deal" and no written agreement. Fountain also conceded that he had never met Burklund and had only spoken with him once when Fountain called him demanding payment after the deal soured. He asserted, however, that he had dealt with Carl Miller in Texas, who Fountain alleged was Burklund's

2

partner or agent. Fountain testified that throughout the course of his dealings with Miller, Miller represented to him that he was acting on Burklund's behalf, and thus, Fountain believed that his agreement was with Burklund. Burklund denied that Carl Miller was his agent or partner. At the hearing, Fountain asserted that he and Miller had agreed that Miller would be a witness and that Miller would verify Fountain's testimony; Miller, however, did not appear at the hearing.

During the first day of the two-day special appearance hearing, Burklund testified in support of his motion and Fountain cross-examined him. Apparently, Fountain also intended to call Burklund as his own witness; at the end of Burklund's testimony, however, Fountain did not reserve Burklund as a witness nor did he indicate to the trial court that he wished to call him. At the beginning of the second day of the hearing, Fountain realized that Burklund was not present and requested a continuance to secure his testimony; the continuance was denied. The trial court also denied another motion for a continuance made by Fountain to secure the testimony of Miller.

Fountain also moved for sanctions, arguing that Burklund made numerous false statements under oath during the discovery phase of the suit. The trial court refused to impose sanctions.

## DISCUSSION

### *Evidentiary Rulings*

In his fifth issue, Fountain contends that the trial court abused its discretion and violated Texas Rule of Evidence 104(a) by refusing to hold preliminary hearings to determine the admissibility of out-of-court statements made by Carl Miller. *See* Tex. R. Evid. 104(a). Burklund

responds that the admissibility of evidence is within the discretion of the trial court and that hearsay statements should not be used to establish personal jurisdiction.

The record indicates that the judge did hear arguments regarding the admissibility of Fountain's evidence. Fountain's actual complaint, then, is directed at the trial court's refusal to admit the out-of-court statements as "non-hearsay" as provided for by Rule 801(e) of the Texas Rules of Evidence. *Se*e Tex. R. Evid. 801(e) ("Statements Which Are Not Hearsay"). Therefore, we will consider Fountain's issue as a complaint regarding the exclusion of evidence. The admissibility of evidence is determined by the trial court, whose ruling will not be overturned on appeal absent an abuse of discretion. *Reliable Consultants, Inc. v. Jaquez,* 25 S.W.3d. 336, 345 (Tex. App.—Austin 2000, pet. denied).

To substantiate Fountain's assertion that he believed he was dealing with Burklund, Fountain attempted to submit Miller's out-of-court statements regarding an alleged agency relationship with Burklund. He relied on Texas Rule of Evidence 801(e)(2)(D), which provides that "[a] statement is not hearsay if . . . [t]he statement is offered against a party and is . . . a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." Tex. R. Evid. 801(e)(2)(D).

Both actual and apparent authority are created through conduct of the principal communicated either to the agent (actual authority) or to a third party (apparent authority). *Suarez v. Jordan*, 35 S.W.3d 268, 273 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (citation omitted). Fountain produced no evidence that Burklund gave Miller actual authority; Burklund gave uncontroverted testimony that he did nothing to manifest authority in Miller. To determine apparent

4

agency, only the acts of the principal may be considered; the agent's representations as to his authority are ineffective to bind the principal. *Southwest Land Title Co. v. Gemini Fin. Co.*, 752 S.W.2d 5, 7 (Tex. App.—Dallas 1988, no writ). Therefore, agency cannot be established through statements of the agent. *See id.* The trial court refused to admit the testimony and explained that agency is not proved through the words or actions of the agent. Fountain offered no other evidence to establish an agency relationship between Miller and Burklund. Therefore, the trial court did not abuse its discretion by refusing to admit Miller's out-of-court statements.

Fountain also attempted to admit Miller's statements under Rule 801(e)(2)(E), which provides that "[a] statement is not hearsay if . . . [t]he statement is offered against a party and is . . . a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy." Tex. R. Evid. 801(e)(2)(E). No conspiracy was established at the hearing, and Fountain introduced no independent evidence other than the hearsay statements themselves that would have established a conspiracy. Therefore, Miller was not a "co-conspirator" under 801(e)(2)(E), and the trial court did not abuse its discretion in refusing to admit Miller's out-of-court statements as evidence. We overrule Fountain's fifth issue.

### *Special Appearance*

In his first issue, Fountain contends that the trial court erred in granting the special appearance because the motion was not properly verified. Specifically, Fountain complains that Burklund's attorney verified the motion on Burklund's behalf without stating that he had personal knowledge of the facts sworn to. In addition, Fountain argues that Burklund's failure to timely cure the defect constituted waiver of his plea to the jurisdiction. Fountain relies on *International Turbine*

5

*Service, Inc. v. Lovitt*, 881 S.W.2d 805 (Tex. App.—Fort Worth 1994, writ denied), and *Dawson-Austin v. Austin,* 968 S.W.2d 319 (Tex. 1998), to support his position. Burklund responds that Fountain's reliance on *International Turbine* and *Dawson-Austin* is misplaced, and that Fountain waived this verification defect by failing to specially except to it.

Texas Rule of Civil Procedure 120(a)(1) authorizes the filing of a special appearance "for the purpose of objecting to the jurisdiction of the court over the person . . . of the defendant on the ground that such party . . . is not amenable to process issued by the courts of this State." Tex. R. Civ. P. 120(a). The special appearance shall be made by sworn motion. *Id*. The rule mandates strict compliance with the procedure. *International Turbine,* 881 S.W.2d at 808. An affidavit in support of the motion must be direct, unmistakable, and unequivocal as to the facts sworn to, so that perjury can be assigned upon it. *Id*. It must in some way show that the affiant is personally familiar with the facts so that he could personally testify as a witness. *Id*. However, an insufficient verification can be cured by amendment any time before a general appearance is entered. *Dawson-Austin*, 968 S.W.2d at 322 (stating that the timing of an amendment is not determinative). Therefore, any problem with a sworn affidavit must be brought to the trial court's attention to give the moving party an opportunity to cure the defect. Moreover, Fountain must make a timely complaint regarding the defect to preserve error. *See* Tex. R. App. P. 33.1.

Burklund's attorney verified the facts asserted in the motion; the verification did not, however, indicate whether counsel had personal knowledge of the facts. Fountain did not voice a specific complaint to the trial court concerning this defect. He did call Burklund's attorney as a witness at the special appearance hearing and questioned him regarding his knowledge of the

jurisdictional facts contained in Burklund's motion. From the record, however, it appears that Fountain's questions were directed at creating a controversy regarding the jurisdictional facts, rather than raising an issue of Burklund's failure to comply with the procedure required by Rule 120(a). In any event, Fountain did not object to the motion, file a special exception regarding the verification, or alert the trial court in any way to the lack of compliance with Rule 120(a). Therefore, he has waived any right to complain on appeal, and we overrule Fountain's first issue. *See* Tex. R. App. P. 33.1; *International Turbine*, 881 S.W.2d at 808.

In his second issue, Fountain relies on *Bruneio v. Bruneio* to support his contention that Burklund waived his plea to the jurisdiction by requesting a hearing on the special appearance more than two years after filing the motion. 890 S.W.2d 150 (Tex. App.—Corpus Christi 1994, no writ). Burklund responds that no court has held that the mere passage of time constitutes waiver. He also argues that *Bruneio* does not stand for the proposition advanced by Fountain.

Rule 120(a) requires the court to hold a hearing on a special appearance motion before holding a hearing on a motion to transfer venue or any other pleading. Tex. R. Civ. P. 120(a). The rule does not require that a hearing be held on a special appearance by a specific time, as long as it occurs prior to any other hearings in the lawsuit. The hearing on the special appearance was the first hearing in this lawsuit.

A defendant must request a hearing on a special appearance and must specifically call his request to the trial court's attention. *See Bruneio*, 890 S.W.2d at 154 (holding that a defendant's challenge to the court's jurisdiction is waived if the defendant does not request a hearing before a trial on the merits). A hearing was held on Burklund special appearance before trial on the merits.

7

Fountain cites no authority holding that the mere passage of time between the filing of a special appearance and the hearing is sufficient to waive the objection to personal jurisdiction.

Fountain insists that special appearance hearings are analogous to venue hearings and that, therefore, the policy underlying the venue rules should also apply to special appearances. The language of Rule of Civil Procedure 87(1) contemplates a speedy determination of a venue question. *Whitworth v. Kuhn*, 734 S.W.2d 108, 111 (Tex. App.—Austin 1987, no writ). A movant may not sit on his rights indefinitely, but is under a duty to request a hearing to urge his motion within a reasonable time. *See id*. Fountain argues that the same logic applies to a movant's duty to request a hearing on his special appearance.

We disagree that a special appearance is analogous to a venue hearing. An examination of the language of the rules reveals that the emphasis placed on efficiency in Rule 87(1) is not present in Rule 120(a). *Compare* Tex. R. Civ. P. 87(1), *with* Tex. R. Civ. P. 120(a). In addition, venue addresses the posture of an entire lawsuit whereas a special appearance only addresses the court's authority over an individual party to a suit. There is a greater need for efficiency with respect to venue determinations because that determination has implications for the entire proceeding. A defendant need not request a hearing on his special appearance until other proceedings in the lawsuit make timely his objection to jurisdiction over him. Therefore, we overrule Fountain's second issue.

In his third issue, Fountain contends that the evidence is factually insufficient to support the trial court's failure to find that Burklund has sufficient contacts with the state of Texas.

8

Whether personal jurisdiction exists is a question of law. *Daimler-Benz Aktiengesellschaft v. Olson,* 21 S.W.3d 707, 715 (Tex. App.—Austin 2000, pet. dism'd w.o.j.). Where the facts are undisputed, we conduct a *de novo* review of the district court's order. *Id.* Where the facts are disputed, we determine the appropriateness of the trial court's resolution of the facts by an ordinary sufficiency of the evidence review based on the entire record. *Id.*

The district court did not file findings of fact and conclusions of law. When a district court makes no findings, all facts necessary to support the judgment are implied and we will set aside such implied findings only if they are so against the great weight and preponderance of the evidence as to be manifestly erroneous or unjust. *Id*. Thus, if the evidence supports the court's implied findings, we must uphold its judgment on any valid legal theory. *Id*. This is so regardless of whether the trial court articulates the correct legal reason for the judgment. *Id.* We review the legal conclusions supporting the judgment to determine whether they are correct as a matter of law. *Id*.

Fountain maintains that a wire transfer Burklund sent to Texas is sufficient alone to satisfy minimum contacts. Burklund disputes that he made the wire transfer. We need not reach this factual dispute because we hold that even if Burklund did make the wire transfer, that, without more, is insufficient under Texas and federal law to satisfy minimum contacts. *See 3-D Elec. Co., Inc. v. Barnett Constr. Co.*, 706 S.W.2d 135, 142 (Tex. App.—Dallas 1986, writ ref'd n.r.e.).

Texas courts can exercise general or specific jurisdiction over a defendant. *National Indus. Sand Ass'n v. Gibson*, 897 S.W.2d 769, 772 (Tex. 1995). Fountain alleges that specific jurisdiction is proper here. For a court to have specific jurisdiction over a defendant, the cause of action must arise out of or relate to the defendant's contact with the forum state. *Id.* at 772. Specific

jurisdiction is proper when the Texas long-arm statute authorizes the exercise of jurisdiction and when the exercise of jurisdiction is consistent with federal and state guarantees of due process. *Motiograph, Inc. v. Check-Out Sys., Inc.*, 573 S.W.2d 606, 607-08 (Tex. Civ. App.—Eastland 1978, writ ref'd). The Texas long-arm statute allows jurisdiction to reach as far as the federal constitution allows. *See Daimler-Benz,* 21 S.W.3d at 714.

The Due Process Clause guarantees that a party cannot be bound to the "judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Gibson*, 897 S.W.2d at 772. In order for a court's assertion of jurisdiction over a nonresident defendant to comport with due process, the defendant must have purposefully established minimum contacts with the forum state such that it could reasonably anticipate being sued in the courts of the state. *Id.* The exercise of jurisdiction must also comport with fair play and substantial justice. *Id.*

The making of payments in Texas has never been sufficient to establish minimum contacts. *See 3-D Elec. Co., Inc.*, 706 S.W.2d at 142; *see also Bissbort v. Wright Printing & Publ'g Co.*, 801 S.W.2d 588, 589 (Tex. App.—Fort Worth 1990, no writ) (explaining that a wire transfer *in addition to* negotiating a contract by phone, and executing and mailing to Texas the contract requiring defendant to make payment in Texas, is sufficient to establish minimum contacts). Therefore, Burklund's wire transfer alone, even if it were undisputed, would not be sufficient to establish minimum contacts with Texas.

The uncontroverted evidence was that Burklund had no other purposeful contacts with Texas. Fountain's theory was that he believed he was dealing with Burklund through Burklund's alleged agent or partner Carl Miller. Fountain's only evidence consisted of his own self-serving

10

testimony to this effect. He hoped that Miller would substantiate his claim; Miller, however, did not testify and the court properly excluded his out-of-court statements as discussed above. On the other hand, Burklund testified that he had no relationship with Miller either as a partner or agent and that he did not manifest any authority in Miller. Fountain did not controvert this testimony. In light of the evidence, we hold that the evidence is factually sufficient to support the trial court's failure to find sufficient contacts between Burklund and Texas to render constitutionally permissible an exercise of jurisdiction over him by a Texas court. Therefore, we overrule Fountain's third issue.

***Motion for Continuance***

In his fourth issue, Fountain contends that the trial court abused its discretion by failing to grant his motions for continuance to secure the testimony of Burklund and Miller at the special appearance hearing. Fountain contends that the testimony of Miller was important and that he was deprived of the opportunity to examine Burklund during the presentation of Fountain's evidence in opposition to the motion. Burklund responds that Fountain did not exercise diligence in securing the testimony of the other witness and that Fountain cross-examined Burklund during the first day of the hearing.

A party seeking a continuance must demonstrate sufficient cause. Tex. R. Civ. P. 251. When the basis for the motion is the "want of testimony," he must also show that the testimony is material and that he has used due diligence to secure it. Tex. R. Civ. P. 252.[1] It is well established

---

[1] We note that Texas Rule of Civil Procedure 120(a) contains a specific provision for continuances of special appearance hearings. *See* Tex. R. Civ. P. 120(a)(3). The provision, however, applies in cases where discovery is needed to develop jurisdictional facts rather than to secure the testimony of a witness at hearing. *See id.* For this reason, we analyze Fountain's issue under Rule

11

that the granting or denial of a motion for continuance is within the trial court's sound discretion. *State v. Wood Oil Distrib., Inc.*, 751 S.W.2d 863, 865 (Tex. 1988). The exercise of such discretion will not be disturbed on appeal unless the record discloses a clear abuse of discretion. *Id.*

The record shows that Burklund testified on the first day of the hearing in support of the special appearance and Fountain cross-examined Burklund. At the close of Burklund's testimony, Fountain did not affirmatively bring to the trial court's attention his wish to call Burklund as his witness the following day or to reserve him as a witness. Regarding Miller, Fountain thought he had an agreement with him to appear, and chose to rely on this informal agreement rather than issue a subpoena to Miller in advance of the hearing. The record indicates that after Miller failed to appear, Fountain had a subpoena issued for Miller; the record does not indicate when or if the subpoena was delivered. This last minute attempt on the part of Fountain does not rise to the level of diligence contemplated by the rules. *See Hatteberg v. Hatteberg*, 933 S.W.2d 522, 526 (Tex. App.—Houston [1st Dist.] 1994, no writ) (stating that service attempted four times only nine days before trial does not indicate due diligence). The trial court did not abuse its discretion in denying the continuance, and we overrule Fountain's fourth issue.

### Denial of Sanctions

In his sixth issue, Fountain argues that the trial court violated Fountain's right to due process by refusing to hold a hearing on his motion for sanctions or, in the alternative, by failing to give notice of the hearing. Fountain does not assert that the court erred in denying his motion for

---

252.

sanctions. Burklund responds that Fountain asked the court to take up the motion, and no objection was made by either side when the court took up the motion after the special appearance hearing and ruled on it.

Texas Rule of Civil Procedure 13 governs motions for sanctions. *See* Tex. R. Civ. P. 13. Under Rule 13, the trial court is required to hear evidence to determine whether the alleged action is sanctionable under the rule. *Id.*; *McCain v. NME Hosp., Inc.*, 856 S.W.2d 751, 757 (Tex. App.—Dallas 1993, no writ). Contrary to Fountain's assertions, the record indicates that the trial court held a hearing on the motion after Fountain affirmatively asked the court to hear his motion for sanctions. He cannot then complain about lack of notice or failure to hold a hearing.

Fountain's real argument appears to be that the court refused to hear additional evidence on his motion. The hearing on the motion for sanctions occurred immediately after the hearing on Burklund's special appearance. The motion was based largely on Burklund's alleged misstatements in connection with that special appearance. The record indicates that the court did not need to hear evidence in connection with the sanctions issue because Fountain had already presented his evidence during the previous hearing. Indeed, Fountain affirmatively acknowledged this fact to the trial court during the sanctions hearing.

Fountain asserts, however, that Burklund was required to refute the allegations in the motion for sanctions, and that the court's refusal to hear additional evidence enabled Burklund to avoid this "requirement." Fountain cites as authority for this supposed "requirement" *Lopez v. Foremost Paving, Inc.*, 796 S.W.2d 473, 477 (Tex. App.—San Antonio 1990), *abated and remanded by agr.*, 35 Tex. Sup. Ct. J. 725, 1992 Tex. LEXIS 50 (May 6, 1992). *Lopez* is not applicable

13

because it involved a defendant's failure to establish good cause to admit undisclosed evidence and had nothing to do with sanctions under Rule 13. *See id.* at 476-77. Rule 13 contains no such requirement; in fact, the rule mandates a presumption of good faith in favor of the non-movant. *See* Tex. R. Civ. P. 13 (stating that "[c]ourts shall presume that pleadings, motions, and other papers are filed in good faith"). All of Fountain's contentions concerning the hearing on the motion for sanctions are without merit. Therefore, we overrule Fountain's sixth issue.

## CONCLUSION

Having overruled all of Fountain's issues, we affirm the judgment of the trial court.

Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Affirmed

Filed: December 13, 2001

Do Not Publish

14