Paul D. BISSBORT d/b/a Printing
Technology, Appellant,

v.

WRIGHT PRINTING AND PUBLISH-
ING COMPANY, Appellee.

No. 2–90–094–CV.

Court of Appeals of Texas,
Fort Worth.

Dec. 19, 1990.

Rehearing Overruled Jan. 30, 1991.

David L. Whaley, P.C., and David L.
Whaley and Mary L. Enox, Fort Worth, for
appellant.

Cantey & Hanger, and Shayne D. Moses
and Evelyn R. Leopold, Fort Worth, for
appellee.

Before WEAVER, C.J., and FARRIS
and MEYERS, JJ.

## OPINION

FARRIS, Justice.

Bissbort appeals an order sustaining
Wright's special appearance and dismissing
Bissbort's suit against Wright. We re-
verse the trial court's order because the
record does not support the trial court's
findings that Wright did not purposefully
do some act or consummate some transac-
tion in the State of Texas and that the
exercise of jurisdiction over Wright would
be inconsistent with fair play and substan-
tial justice.

Bissbort sued Wright for breach of a
written contract to repair a printing press
belonging to Wright. The parties stipu-
lated that: Wright was a Des Moines, Iowa
corporation; Bissbort was a resident of
Tarrant County, Texas; and each party
signed the contract at its office. The initial
contact between the parties was a tele-
phone call from Dave Schwierman,
Wright's foreman, to Bissbort inquiring if
Bissbort would be interested in purchasing
a surplus press from Wright and repairing
the press described in the contract. Biss-
bort went to Des Moines to discuss both
transactions with Wright, and after re-
turning to Texas, mailed Wright a proposal
describing the repairs to be performed, his
charge for those repairs, and the terms of
payment. After Wright accepted his pro-
posal Bissbort prepared and mailed the con-
tract to Wright. The parties did not con-
tract for the sale of the other press.

Wright returned the signed contract to
Bissbort and wired Bissbort $51,230.00, for-
ty per cent of the contract price. Bissbort
returned to Des Moines, disassembled the
press, and transported parts to Texas to be
repaired. Bissbort sued Wright for breach
of the contract alleging Wright had failed
to pay the agreed contract price for Biss-
bort's services.

The Texas long-arm statute authorizes
the exercise of state court jurisdiction over
nonresidents who do business in this state,

and one is doing business within the state if he contracts by mail with a Texas resident and the contract is to be performed in whole or in part within the state. *See* TEX.CIV.PRAC. & REM.CODE ANN. secs. 17.041–17.042 (Vernon 1986). In addition, the exercise of jurisdiction must be consistent with federal and state constitutional guarantees. *See Schlobohm v. Schapiro*, 784 S.W.2d 355, 356 (Tex.1990). The long-arm statute is construed to reach as far as federal constitutional requirements of due process will permit. *Id.* at 357.

The Texas Supreme Court has adopted a three-part formula to ensure that the exercise of specific jurisdiction complies with the federal constitutional standard:

(1) The nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state.

(2) The cause of action must arise from, or be connected with, such act or transaction. Even if the cause of action does not arise from a specific contract, jurisdiction may be exercised if the. defendant's contacts with Texas are continuing and systematic.

(3) The assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation.

*Id.* at 358.

Wright purposefully acted or consummated a transaction in Texas in initiating negotiations with its telephone call to Bissbort, by executing and returning to Texas a contract requiring it to make payment in Texas and by wiring the $51,230.00 to Bissbort's account with a bank in Texas. Because Bissbort's cause of action was one for nonpayment under the contract, an exercise of jurisdiction would meet the second requirement of the Texas formula. It is applying the third part of the formula which is difficult because it requires us to ask if, despite the existence of minimum contacts, is there any reason why our assertion of jurisdiction in this case would offend traditional notions of fair play and substantial justice. *Id.* at 359.

Wright's Texas contacts are few and limited; nevertheless we hold that because of the quality of those acts, particularly the act of wiring a large sum of money to a Texas bank, Wright has availed itself of the protection and remedies of Texas law and Texas courts. When Wright wired $51,230.00 to Texas, it took advantage of the protection from misappropriation provided by Texas law and implicitly expressed confidence in Texas courts to provide a remedy if misappropriation occurred. Additionally, there is nothing in the record which indicates Wright would be excessively burdened or inconvenienced by litigating in a Texas court. Therefore, we hold an exercise of jurisdiction over Wright in this case does not offend traditional notions of fair play and substantial justice and reverse the order of the trial court.

We reverse the trial court's order sustaining the jurisdictional plea and remand the case for trial on its merits.