**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00364-CV**
_____

**EVERGREEN MEDIA HOLDINGS, LLC AND TONY DEROSA-GRUND,**
**Appellants**

**V.**

**FILMENGINE ENTERTAINMENT, LLC, Appellee**

**On Appeal from the 284th District Court**
**Montgomery County, Texas**
**Trial Cause No. 14-02-01508-CV**

## MEMORANDUM OPINION

In this appeal, the appellants, Evergreen Media Holdings, LLC and Tony DeRosa-Grund (collectively "Evergreen) contend the trial court erred by granting a special appearance filed by the appellee, FilmEngine Entertainment, LLC. ("FilmEngine"). Evergreen raises two issues on appeal: (1) whether the trial court abused its discretion in denying Evergreen's motion for continuance to conduct

1

jurisdictional discovery; and (2) whether the trial court erred by granting FilmEngine's special appearance. We affirm.

## I. Background

Evergreen is a Texas limited liability company, and Tony Derosa-Grund is its executive chairman. FilmEngine is a Delaware company licensed to do business in California. Anthony Rhulen is its chief executive officer. In July 2013, Evergreen entered into a contract with FilmEngine regarding two film projects. On February 7, 2014, Evergreen sued FilmEngine for breach of contract, breach of an implied covenant of good faith and fair dealing, and for declaratory judgment. Evergreen alleged that it entered into agreements with FilmEngine in connection with two movie productions wherein Evergreen would provide script-writing services to FilmEngine. Evergreen further alleged that it performed under the agreements, but FilmEngine failed to pay Evergreen for the writing services and thus materially breached its agreements with Evergreen.

On March 21, 2014, FilmEngine filed a special appearance and asked the trial court to dismiss the lawsuit for lack of personal jurisdiction because FilmEngine had no purposeful contacts with the State of Texas. Evergreen filed its response on May 8, 2014. On August 22, 2014, the trial court granted FilmEngine's special appearance and dismissed the case. Evergreen appealed. *See*

2

Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(7) (West Supp. 2015) (providing for interlocutory appeal of grants or denials of a special appearance of a defendant).

## II. Motion for Continuance

In its first issue, Evergreen contends the trial court abused its discretion in denying its request for a continuance to allow it to conduct jurisdictional discovery before the trial court ruled on FilmEngine's special appearance. An appellate court will not disturb the trial court's ruling on a motion to continue a special appearance hearing to obtain discovery absent a showing of a clear abuse of discretion. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002); *Barron v. Vanier*, 190 S.W.3d 841, 847 (Tex. App.—Fort Worth 2006, no pet.) (op. on reh'g).

Texas Rule of Civil Procedure 120a(3) governs jurisdictional discovery. The rule provides that "[t]he court shall determine the special appearance on the basis of the pleadings, any stipulations made by and between the parties, such affidavits and attachments as may be filed by the parties, the results of discovery processes, and any oral testimony." Tex. R. Civ. P. 120a(3). Rule 120a(3) further states that if it should appear from reasons stated in the opposing party's affidavits that he cannot "present by affidavit facts essential to justify his opposition, the court may

3

order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." *Id*. In deciding whether a trial court abused its discretion by denying a motion for continuance seeking additional time to conduct discovery, the Texas Supreme Court has considered the following non-exclusive factors: (1) the length of time the case has been on file; (2) the materiality and purpose of the discovery sought; and (3) whether the party seeking the continuance has exercised due diligence to obtain the discovery sought. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004) (considering these factors in the summary judgment context); *Barron*, 190 S.W.3d at 847 (considering these factors in the special appearance context).

Evergreen filed its lawsuit on February 7, 2014. FilmEngine filed its special appearance on March 21, 2014. According to the parties' appellate briefing, FilmEngine's special appearance was originally set for submission on April 30, 2014. Evergreen filed its response to FilmEngine's special appearance on May 8, 2014. The trial court issued its ruling on FilmEngine's special appearance on August 22, 2014. Evergreen argues that the length-of-time factor weighs in its favor because it had less than two months to conduct discovery before it was required to file a response. FilmEngine responds that Evergreen actually had over five months to conduct discovery because the trial court did not grant the special

4

appearance until August 22, 2014. FilmEngine contends this was sufficient time for Evergreen to conduct jurisdictional discovery.

In its original petition, Evergreen alleged that the court had personal jurisdiction over FilmEngine "because this lawsuit arises from, was connected with an act or transaction, and relates to the purposeful acts of the non-resident Defendant in Texas, and those purposeful acts directed towards Texas." Thus, Evergreen alleged only specific jurisdiction against FilmEngine. *See Searcy v. Parex Res., Inc.*, Nos. 14-0293, 14-0295, 2016 WL 3418248, at *5, 9 (Tex. June 17, 2016) (internal citations and quotations omitted) (explaining that general jurisdiction arises when the defendant's contacts with the forum state are so continuous and systematic as render the defendant essentially at home in the forum state, whereas specific jurisdiction exists when the plaintiff's claims arise out of or are related to the defendant's contact with the forum state). However, in Evergreen's motion for continuance, it asked the court for a continuance to conduct additional discovery "evidencing FilmEngine's general contacts with Texas." Evergreen explained that it would seek discovery of evidence that FilmEngine "purposefully markets their movies to Texas residents, advertises in Texas, sells their movies to Texas residents, and otherwise engages in significant business with Texas residents."

5

Evergreen did not allege in its motion for continuance that it had exercised due diligence in conducting discovery. There is no evidence in the appellate record that Evergreen attempted to engage in discovery related to the special appearance, and Evergreen admitted in its motion for continuance that it had not conducted any jurisdictional discovery.

Evergreen relies on *Barron v. Vanier* to support its position that it was entitled to a continuance. In *Barron*, the appellate court held that the trial court abused its discretion in denying the plaintiff's motion for continuance of a special appearance hearing to permit him to conduct further discovery on the issue of personal jurisdiction where the special appearance hearing was held two months after the filing of the special appearance, and the plaintiff sought information which, if it existed and was discovered, could support his allegations of specific personal jurisdiction over the defendants. 190 S.W.3d at 847-51.

This case is distinguishable from *Barron*. In *Barron*, all three factors weighed in favor of granting the motion for continuance, while, here, the application of the factors is not so clearly defined. *See id*. The first factor does tend to support a continuance. Evergreen had less than two months to conduct discovery before its response to the special appearance was due. *See id*. at 847-48.

The second factor weighs against Evergreen's motion for a continuance. In *Barron*, the plaintiff alleged personal jurisdiction over defendants based on specific jurisdiction and then sought discovery of facts relating to both specific and general jurisdiction. *Id*. at 849. FilmEngine contends Evergreen only sought discovery on matters related to general jurisdiction. Evergreen responds that it sought discovery of matters relevant to specific personal jurisdiction when it requested to depose Rhulen about various factual misstatements Rhulen made in his affidavit regarding the agreements. However, Evergreen's request in its motion for continuance was not as specific as Evergreen now contends on appeal; rather, in pertinent part, Evergreen argued the following to the trial court:

> 44.     Upon information and belief, FilmEngine purposefully markets their movies to Texas residents, advertises in Texas, sells their movies to Texas residents, and otherwise engages in significant business with Texas residents. Plaintiffs, however, do not have personal knowledge of the extent of FilmEngine's contacts with Texas and its residents that are unrelated to this lawsuit, and would therefore need to conduct discovery before providing the Court with affidavits and other documents evidencing FilmEngine's general contacts with Texas.

> 45.     Plaintiffs request that the Court permit them to serve requests for production, requests for admission, and interrogatories relating to FilmEngine's contacts with Texas. Further, once Plaintiffs receive and review FilmEngine's responses, they intend to request the deposition of FilmEngine's corporate representative as well as its CEO, Anthony Rhulen, who provided an affidavit in support of FilmEngine's Special Appearance. Because the jurisdictional issue will not be ripe for the Court's consideration until [all] of the

> jurisdictional facts are known—and not just those about which Mr. Rhulen decided to advise the Court—the Court should defer ruling on FilmEngine's Special Appearance for at least 90 days so that the parties can engage in jurisdictional discovery.

(internal footnotes and citations omitted). Evergreen argued that the trial court should not decide the special appearance until it had all jurisdictional facts, but the only facts Evergreen specifically identified as being unknown in its motion for continuance are those related to general jurisdiction. Therefore, we conclude the facts Evergreen specifically sought to discover were not relevant to Evergreen's allegations that personal jurisdiction existed over FilmEngine on the basis of specific personal jurisdiction.

Application of the third factor supports the trial court's denial of Evergreen's motion for continuance. In *Barron*, the plaintiff served requests for production, requests for disclosure, and notices of depositions. *Id*. at 850. Here, there is no evidence in the record that Evergreen attempted to diligently use the rules of civil procedure for discovery. *See State v. Wood Oil Distrib., Inc.*, 751 S.W.2d 863, 865 (Tex. 1988) (addressing diligence factor). Evergreen contends that because it only had two months, it was unable to propound discovery. FilmEngine responds that two months was enough time to at least attempt to engage in discovery. FilmEngine argues that Evergreen's lack of diligence is further reflected in the fact that it did not attempt jurisdictional discovery after filing its response. Based on the

record, we note that after submission of the special appearance, the trial court delayed its ruling for approximately three months, and Evergreen did not seek to conduct discovery or file supplemental affidavits. *See* Tex. R. Civ. P. 120a(3) (providing the court shall determine a special appearance based on the pleadings, stipulations, affidavits and attachments filed by the parties, oral testimony, and the results of discovery processes); *Phillips Dev. & Realty, LLC v. LJA Eng'g, Inc.*, No. 14-14-00858-CV, 2016 WL 3610457, at * 6 (Tex. App.—Houston [14th Dist.] June 30, 2016, no pet.) (holding that a trial court has discretion to consider late-filed affidavits in special appearance proceedings); *Tempest Broad. Corp. v. Imlay*, 150 S.W.3d 861, 870 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (suggesting that Rule 120a(3) appears to give the trial court discretion to grant the party opposing a special appearance other forms of relief when the court deems it "just" to do so).

Based on our consideration of all the factors, it was not an abuse of discretion for the trial court to deny Evergreen's motion for continuance. *See Joe*, 145 S.W.3d at 161. This is not a situation where Evergreen was unable to present facts to support its opposition to FilmEngine's special appearance. *See* Tex. R. Civ. P. 120a(3). Evergreen submitted an unsworn declaration that specifically disputed FilmEngine's facts denying that the court had specific personal jurisdiction. *See*

9

Tex. Civ. Prac. & Rem. Code Ann. § 132.001(a) (West Supp. 2015) (providing that "an unsworn declaration may be used in lieu of a written sworn declaration, verification, certification, oath, or affidavit required by statute or required by a rule, order, or requirement adopted as provided by law"). Additionally, a substantial amount of the information regarding general jurisdiction that Evergreen seeks is contained in the record, including that FilmEngine does not maintain an office in Texas, does not own property in Texas, does not employ any Texas residents, has no accounts in Texas, has not purchased assets in Texas, and has never engaged in business in Texas. *See In re Guardianship of Cardenas*, No. 13-09-00560-CV, 2010 WL 2543650, at \*10 (Tex. App.—Corpus Christi June 24, 2010, no pet.) (mem. op.) (concluding that plaintiff's rights were not disregarded when most of the additional facts sought by plaintiff were already contained in the record).

We overrule Evergreen's first issue.

### III. Special Appearance

In its second issue, Evergreen contends the trial court erred by granting FilmEngine's special appearance.

## A. Standard of Review and Burdens of Proof

The question of whether a court has personal jurisdiction over a nonresident defendant is a question of law we review *de novo*. *Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 657 (Tex. 2010). In a special appearance, the plaintiff and the defendant bear shifting burdens of proof. *Id.* at 658. The plaintiff bears the initial burden to plead sufficient allegations to bring the nonresident defendant within the reach of Texas's long-arm statute. *Id.* If the plaintiff pleads sufficient jurisdictional allegations, then the defendant bears the burden to negate all bases of personal jurisdiction alleged by the plaintiff. *Id.* It is the plaintiff's pleadings that define the scope and nature of the lawsuit; thus, the defendant's burden is only to negate jurisdictional allegations alleged in the plaintiff's pleading. *Id.* A defendant may negate the plaintiff's jurisdictional allegations on either a factual or legal basis. *Id.* at 659. If the nonresident defendant presents evidence that it had no contacts with Texas, then it effectively disproves the plaintiff's allegations. *Id.* But, the plaintiff may respond with its own evidence affirming its allegations. *Id.* As such, the trial court must frequently resolve fact questions before deciding the jurisdictional issue. *BMC Software*, 83 S.W.3d at 794. We will not "disturb a trial court's resolution of conflicting evidence that turns on the credibility or weight of the evidence." *Ennis v. Loiseau*, 164 S.W.3d 698, 706 (Tex. App.—Austin 2005,

11

no pet.). "When a trial court does not issue findings of fact and conclusions of law with its special appearance ruling, all facts necessary to support the judgment and supported by the evidence are implied." *BMC Software*, 83 S.W.3d at 795. If the appellate record includes a reporter's and clerk's record, implied findings are not conclusive and may be challenged for legal and factual sufficiency. *Id*.

Finally, we must be mindful that due process requires our jurisdictional inquiry to be separate and distinct from the underlying merits of the parties' claims. *Booth v. Kontomitras*, 485 S.W.3d 461, 476-77 (Tex. App.—Beaumont 2016, no pet.). Thus, when viewing Evergreen's jurisdictional allegations, we ask only whether Evergreen's allegations are sufficient to invoke the exercise of personal jurisdiction over FilmEngine without regard to the merits of Evergreen's claims. *See id*. at 477.

## B.  Personal Jurisdiction

Our consideration of personal jurisdiction involves issues of both federal and state law. *Searcy*, 2016 WL 3418248, at *5. A nonresident defendant is subject to the personal jurisdiction of Texas if (1) the Texas long-arm statute authorizes the exercise of jurisdiction, and (2) the exercise of jurisdiction comports with federal and state constitutional due process guarantees. *Kelly*, 301 S.W.3d at 657. Because the Texas long-arm statute provides for personal jurisdiction that extends to the

limits of the United States Constitution, federal due process requirements "shape the contours of Texas courts' jurisdiction reach." *Searcy*, 2016 WL 3418248, at *5. Personal jurisdiction can be established over a nonresident only if the defendant has purposefully established "minimum contacts" with the forum state and the exercise of jurisdiction over the defendant comports with "traditional notions of fair play and substantial justice." *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011)); *Searcy*, 2016 WL 3418248, at *5.

As discussed above, Evergreen only alleged specific personal jurisdiction, which exists when the defendant purposefully avails itself of conducting activities in the forum states and the cause of action arises from or is related to those activities. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985); *Searcy*, 2016 WL 3418248, at *5. The first step in the personal jurisdiction analysis is to determine whether a nonresident defendant purposefully availed itself of the benefits and protections of the state's laws by establishing minimum contacts with Texas. In the "purposeful-availment" analysis as applied to specific personal jurisdiction: (1) only the defendant's contacts with Texas are considered; (2) the defendant's contacts must be purposeful, rather than random, fortuitous, isolated, or attenuated; (3) the defendant must have sought some benefit, advantage, or

13

profit by availing itself of Texas jurisdiction. *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 785 (Tex. 2005); *see also Searcy*, 2016 WL 3418248, at *5. Our analysis is focused on the quality and nature of the defendant's contacts, not the number of contacts. *Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 806 (Tex. 2002). "Even a single purposeful contact may be sufficient to meet the requirements of minimum contacts when the cause of action arises from the contact." *Micromedia v. Automated Broad. Controls*, 799 F.2d 230, 234 (5th Cir. 1986); *see also Crithfield v. Boothe*, 343 S.W.3d 274, 286 (Tex. App.— Dallas 2011, no pet.).

The United States Supreme Court has explained that an individual's contract with a nonresident defendant cannot alone establish sufficient minimum contacts in the plaintiff's home forum for specific jurisdiction to exist. *Burger King*, 471 U.S. at 478; *see Walden v. Fiore*, 134 S. Ct. 1115, 1122-23 (2014); *Hoagland v. Butcher*, 474 S.W.3d 802, 815 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The Court has rejected the notion that personal jurisdiction is determined solely by the place of contracting or of performance. *Burger King*, 471 U.S. at 478. The Court explained that in determining whether a defendant has purposefully established minimum contacts within the forum state in a contract situation, the court should consider the parties' "prior negotiations and contemplated future

14

consequences, along with the terms of the contract and the parties' actual course of dealing[.]" *Id*. at 479. Only those acts which relate to the formation of the contract and the subsequent breach are relevant in a specific jurisdiction analysis. *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 375 (5th Cir. 2003). Ultimately, the goal of our analysis is to determine whether a nonresident's conduct and connection to a forum state are such that he should reasonably anticipate being haled into court there. *Burger King*, 471 U.S. at 474-75.

"The contract's place of performance is an important consideration." *Hoagland*, 474 S.W.3d at 815. If a contract is specifically designed to benefit a nonresident defendant with a Texas resident's skills performed in Texas, then it is reasonable to subject the nonresident defendant to Texas jurisdiction in connection with litigation arising from that contract. *Id*. We will also consider the contract's choice-of-law provision. *Burger King*, 471 U.S. at 482. A nonresident's action in sending funds to Texas in relation to a contract is another factor to consider. *See Bissbort v. Wright Printing & Pub. Co.*, 801 S.W.2d 588, 589 (Tex. App.—Fort Worth 1990, no writ) (considering it a relevant fact that a nonresident defendant wired a large sum of money to a Texas bank in determining minimum contacts); *but see Falcon Crest Aviation Supply, Inc. v. Jet Mgmt., LLC*, No. 14-11-00789-CV, 2012 WL 4364661, at *4 (Tex. App.—Houston [14th Dist.] Sept. 25, 2012, no

15

pet.) (mem. op.) (stating that a nonresident's defendant's actions in sending payment to Texas did not support a finding of jurisdiction when place of payment was dictated by plaintiff). A nonresident's action in initiating phone calls from the nonresident's state directed to Texas is not enough to satisfy the minimum contacts requirements. *See Hsu v. Liu*, No. 09-06-423 CV, 2007 WL 3395644, at \*1–4 (Tex. App.—Beaumont Nov. 15, 2007, pet. denied) (mem. op.).

As alleged by Evergreen, "[p]ersonal jurisdiction over the non-resident Defendant is proper because this lawsuit arises from, was connected with an act or transaction, and relates to the purposeful acts of the non-resident Defendant in Texas, and those purposeful acts directed towards Texas." Evergreen further alleged in its petition that FilmEngine entered into the agreements with Evergreen, a Texas business, and DeRosa-Grund, a Texas resident and that FilmEngine "transact[ed] business in Montgomery County, Texas." A plaintiff is not required to plead in its petition the theories or bases of personal jurisdiction upon which it relies. *Huynh v. Nguyen*, 180 S.W.3d 608, 619 (Tex. App.—Houston [14th Dist.] 2005, no pet.). To meet its initial burden, it is sufficient if the plaintiff pleads facts sufficient to bring a nonresident defendant within the provisions of the long-arm statute. *Id*. A plaintiff satisfies this minimal requirement by an allegation that the nonresident defendant was doing business in Texas. *Id*.; *see also* Tex. Civ. Prac. &

16

Rem. Code Ann. § 17.042(1) (West 2015). Here, we conclude Evergreen met its initial burden and the burden then shifted to FilmEngine to negate every basis for jurisdiction alleged by Evergreen. *See Huynh*, 180 S.W.3d at 619.

To negate Evergreen's pleadings, FilmEngine denied in its special appearance that it had contacts with Texas or had purposefully availed itself of the privilege of doing business in Texas. FilmEngine further stated that it is a Delaware limited liability company, has no offices in Texas, and owns no property in Texas. To respond to the allegations that FilmEngine engaged in purposeful acts directed towards Texas, FilmEngine submitted the affidavit of its CEO, Anthony Rhulen. In his affidavit, Rhulen stated that FilmEngine has never purposefully sought to enter into a contract with a Texas resident for services to be provided in Texas, except for legal counsel in this case. Regarding the agreements with Evergreen, Rhulen stated that "[a]ll discussions, meetings, and investigations before and after the agreements were conducted in California[,]" where FilmEngine's principal place of business is located. Rhulen testified that the agreements at issue had a choice-of-law provision designating the application of California law. Rhulen testified that DeRosa-Grund solicited him in California in the past about rights he had in some intellectual property. He stated that DeRosa-Grund approached him in July 2013 in California regarding the two motion picture

17

deals he had and asked FilmEngine to become involved with the production of the projects and to assist in obtaining financing and distribution of the product. Rhulen testified that every in-person meeting regarding the projects occurred in California. He further stated that the two agreements forming the basis of Evergreen's lawsuit were executed in California. He denied ever meeting DeRosa-Grund in Texas. Rhulen stated that he primarily communicated with DeRosa-Grund by email and some by phone, but he had no knowledge of DeRosa-Grund's locations during these communications. The agreements have no reference to Texas, and there is no indication or agreement that production or distribution would take place in Texas.

Evergreen argues that FilmEngine is subject to the specific jurisdiction of Texas courts because (1) FilmEngine entered into the agreements with a Texas resident and Texas business; (2) Evergreen performed all obligations under the agreements in Texas; (3) FilmEngine solicited Evergreen in Texas to initiate negotiations for the agreements; (4) Evergreen executed the agreements in Texas; (5) FilmEngine mailed the executed copies of the agreements to Evergreen in Texas; (6) FilmEngine knew Evergreen was located in Texas and performing obligations under the agreements in Texas; (7) FilmEngine communicated with Evergreen hundreds of times over the course of more than one year about the execution and performance of the agreements while Evergreen was located in

18

Texas; (8) FilmEngine made a wire transfer of funds to Evergreen's bank in Texas; (9) FilmEngine mailed a Form 1099 to Evergreen in Texas; (10) the agreements contemplated a long-term relationship, and therefore FilmEngine contemplated having continued contacts with Evergreen in the future related to the agreements; and (11) FilmEngine negotiated the agreements with Evergreen for more than a year, while Evergreen was located in Texas. Evergreen filed DeRosa-Grund's affidavit with the trial court to support these allegations. Many of Evergreen's allegations point to its own actions, but Evergreen's actions are not relevant to our determination of whether FilmEngine purposefully availed itself in Texas. *See Michiana*, 168 S.W.3d at 785; *see also Searcy*, 2016 WL 3418248, at *5. Evergreen's argument that FilmEngine is subject to specific jurisdiction in Texas because FilmEngine communicated with DeRosa-Grund numerous times while DeRosa-Grund was allegedly located in Texas is unpersuasive. Evergreen seems to suggest that these communications show FilmEngine targeted or purposely directed communications towards Texas or a Texas resident. We note that the initial emails between DeRosa-Grund and FilmEngine dated in June and August of 2012, contain no reference to DeRosa-Grund or Evergreen's physical address in Texas. There is a vague reference by DeRosa-Grund that he has a friend "here in Houston" in one of the emails dated months after the parties started

19

communicating about the projects. DeRosa-Grund's email signature block contains only his name, title, the name of the company, his direct phone line, fax number, and email address. It does not contain his physical address. In August of 2013, over a year after the initial email communication reflected in the record, there is an email communication that references an address for Evergreen in Texas.

FilmEngine alleges and supports with affidavit testimony that DeRosa-Grund reached out to FilmEngine first while DeRosa-Grund was located in California, not Texas. Rhulen also states that all in-person meetings occurred in California, that DeRosa-Grund represented to him that his film representative was located in California, and that his legal counsel was located in California. Additionally, as FilmEngine argues in its brief, DeRosa-Grund could have been anywhere in the world when he received the communications from FilmEngine, not just Texas.

While Evergreen's affidavit controverts some of FilmEngine's allegations and evidence regarding jurisdiction, at this stage of the litigation, we must presume the trial court resolved all factual disputes in favor of its judgment. *See Coleman*, 83 S.W.3d at 806. We conclude FilmEngine's evidence conclusively negates all jurisdictional grounds alleged by Evergreen. FilmEngine's motion and affidavit establishes that DeRosa-Grund approached FilmEngine in California, all in-person

20

meetings to negotiate the agreements occurred in California, the agreements were executed in California, the parties agreed that California law would govern the agreements, and that FilmEngine had no intention to engage Evergreen to perform its obligations under the agreements in Texas. Because FilmEngine lacks minimum contacts with Texas, we need not determine whether the exercise of jurisdiction would offend traditional notions of fair play and substantial justice. *See Baldwin v. Household Int'l, Inc.*, 36 S.W.3d 273, 277 (Tex. App.—Houston [14th Dist.] 2001, no pet.). For these reasons, we overrule Evergreen's second issue.

Having held that the trial court did not err in denying Evergreen's motion for continuance and granting FilmEngine's special appearance, we affirm the trial court's judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on June 5, 2015
Opinion Delivered September 22, 2016

Before Kreger, Horton and Johnson, JJ.

21